UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Criminal Action No. 12-20180

vs.

HON. MARK A. GOLDSMITH

FRED WALL,

Defendant.
______________________________/

**OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO SUPPRESS**

## I. INTRODUCTION

Defendant Fred Wall filed a motion to suppress (Dkt. 15), seeking to exclude all evidence in the case, including a firearm that is the subject of the present indictment charging him with felon in possession of a firearm, 18 U.S.C. § 922(g)(1). Defendant argues that the warrant authorizing the search is invalid because it lacked probable cause and that the law enforcement officers could not have relied upon it in good faith. The Government filed a response (Dkt. 17), and oral argument was heard on August 21, 2012. After the hearing, the Court requested, and the parties filed, supplemental briefs (Dkts. 18, 19, 21, and 22). For the reasons set forth below, the Court denies the motion.

## II. BACKGROUND

On January 5, 2011, a judge of the 68th District Court in Genesee County, Michigan granted an application for a search warrant submitted by Flint Police Officer Devon Bernritter for two premises in Flint: 2501 Clement Street and 1866 Springfield Street. See Def.'s Mot. to

Suppress, Ex. 1 (Dkt. 15-1). Attached to the application was Officer Bernritter's affidavit. Id. The Flint Police applied for the search warrant because they suspected that a search of the locations would yield evidence of illegal drug activity. Aff. ¶ 5.

In the affidavit, Bernritter relied upon his own personal knowledge and the personal knowledge of "XX," his confidential informant. Aff. ¶ 6. Bernritter wrote that he believed that XX was "credible and reliable," but wanted to keep XX anonymous to protect his information source. Aff. ¶ 7. Bernritter believed XX was reliable and credible because he had known XX "for over six months" and XX had given law enforcement officers information regarding "controlled substances" on "multiple occasions." Id. ¶ 8. According to the officer, ensuing investigations proved that XX's information was "correct, accurate, and reliable." Id. XX had never given "false or misleading information." Id.

XX provided information about 2501 Clement Street and 1866 Springfield Street for the search warrant. Regarding 2501 Clement Street, XX stated that he was at the home 48 hours prior to January 5, 2011, the date of the search warrant application. Id. ¶ 9. While at the home, XX observed Defendant "in possession of a substantial quantity of powder cocaine and a firearm." Id. The home's garage also had a large blue tarp covering the door. Id. XX stated that Defendant sold narcotics from the home and stored a rifle there. Id. ¶ 10. Regarding 1866 Springfield Street, XX advised that Defendant kept at this location "the proceeds from his sales and at least one other gun." Id.

In addition to the residences, XX provided personal information about Defendant: Defendant was a convicted felon on felony probation, drove a black Dodge Intrepid, had a sister named Kassandra Wall, and resided with his girlfriend, Killotta Tart, at 1866 Springfield Street. Id. ¶ 9.

To corroborate this information, Bernritter went to 2501 Clement Street and confirmed that a large blue tarp was hanging over the garage door. Id. ¶ 11.[1] He also confirmed that Defendant had a criminal record and was ineligible to be in possession of a firearm. Id. Also, Bernritter found that Kassandra Wall paid the property taxes on 2501 Clement Street. Id.

Another law enforcement officer, an ATF agent, went to 1866 Springfield Street. Aff. ¶ 12. There, the agent observed a black Dodge Intrepid parked outside the home, which he discovered was registered to Kassandra Wall. Id. The agent also learned that Killotta Tart paid the home's property taxes. Id.

On the basis of the affidavit, the search warrant was issued and then executed at both 2501 Clement Street and 1866 Springfield Street by law enforcement officers of the Flint Area Narcotics Group. Gov't Resp. at 2 (Dkt. 17). The officers seized firearms and narcotics at both residences. Id. As a result of a firearm being found at 1866 Springfield Street, a grand jury indicted Defendant for being a felon in possession of a firearm. Id.

## III. ANALYSIS

Defendant seeks to suppress the evidence seized from the execution of the search warrant at 2501 Clement Street and 1866 Springfield Street on January 5, 2011. Defendant's motion turns upon a probable cause determination and whether the good-faith doctrine is applicable here. See United States v. Leon, 468 U.S. 897, 923 (1984) (explaining the four circumstances preventing good-faith reliance).

### A. Probable Cause

An axiom of the Fourth Amendment is that a valid search warrant must be supported by

[1] The Affidavit and Application for Search Warrant has sequentially correct paragraph numbers up to and including paragraph 10. Afterward, they are incorrectly numbered. The citations herein refer to the sequential paragraphs, not the number designated in the affidavit.

probable cause. U.S. Const. amend. IV ("[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."); United States v. Williams, 544 F.3d 683, 686 (6th Cir. 2008). The Sixth Circuit has explained that "[p]robable cause exists when there is a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." United States v. Davidson, 936 F.2d 856, 859 (6th Cir. 1991). Moreover, where an affidavit is the basis for a probable cause determination, that affidavit "'must provide the magistrate with a substantial basis for determining the existence of probable cause.'" United States v. Helton, 314 F.3d 812, 819 (6th Cir. 2000) (quoting Illinois v. Gates, 462 U.S. 213, 239 (1983)).

In drug-trafficking cases, "an issuing judge may infer that drug traffickers use their homes to store drugs and otherwise further their drug trafficking." Williams, 544 F.3d at 687. In other words, a magistrate may deduce that a "criminal suspect keeps the instrumentalities and fruits of his crime in his residence." Id. at 688 (internal quotations omitted).

As for the determination of probable cause, a judicial officer may rely on hearsay evidence. United States v. Smith, 182 F.3d 473, 477 (6th Cir. 1999). Generally, affidavits contain hearsay evidence from named sources, confidential informants, and anonymous tipsters. United States v. Ferguson, 252 F. App'x 714, 720 (6th Cir. 2007). When a search warrant application contains hearsay from a confidential informant, an issuing magistrate must "make a practical, common-sense decision whether" the totality of the circumstances in the affidavit provides that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Allen, 211 F.3d 970, 972-973 (6th Cir. 2000). The totality of the circumstances includes the veracity, reliability, and the basis of knowledge of the

confidential informant. Id. at 972.

Sixth Circuit law also demands "that an affidavit demonstrate more than simply blind faith in the words of an affiant who claims his unnamed informant is reliable." Ferguson, 252 F. App'x at 721. The absence of any indicia of an informant's reliability requires independent police corroboration. United States v. May, 399 F.3d 817, 825 (6th Cir. 2005). However, "if the prior track record of a confidential informant adequately substantiates his credibility, other indicia of reliability are not necessarily required" to evaluate his hearsay evidence. Smith, 182 F.3d at 483. Corroboration is not necessary if the issuing judge "is reasonably assured that the informant was credible and the information reliable." United States v. Williams, 224 F.3d 530, 532 (6th Cir. 2000).

If an affidavit fails to include observations by a confidential informant and includes only corroboration of easily ascertainable facts, such as those from public records or criminal histories, courts have not found probable cause. See, e.g., United States v. Higgins, 557 F.3d 381, 390 (6th Cir. 2009). A serious deficiency of an affidavit is where a confidential informant has not been to the location to be searched or witnessed criminal activity at the location. Id. Mere corroboration of a defendant's residence or criminal record also fails to support probable cause. Id. Moreover, probable cause does not arise to search a residence for drugs where a confidential informant merely asserts – without further evidence or corroboration – that a defendant is a drug dealer. United States v. Frazier, 423 F.3d 526, 533 (6th Cir. 2005).

Cognizant of these principles, the Court now reviews Defendant's motion to suppress. Defendant argues that the reliability of the informant was not established; that there was no investigation to corroborate the information provided by the informant; that the affidavit was "bare bones"; and that the search warrant and affidavit failed to establish probable cause. Def.'s

Br. at 4 (Dkt. 15). The Government argues that, under the totality of the circumstances, the information in the affidavit provided the Genesee County magistrate a substantial basis to find probable cause for the search of the premises. Gov't Resp. at 3 (Dkt. 17).

In reviewing the affidavit, Officer Bernritter relied on XX, a confidential informant, whose identity was not disclosed to the issuing magistrate. Aff. ¶¶ 7-8. Under the cases addressing unnamed confidential informants, the reliability of the informant was established here because the affidavit demonstrated more than blind faith by Officer Bernritter. See Ferguson, 252 F. App'x at 721 (stating "that an affidavit demonstrate more than simply blind faith in the words of an affiant who claims his unnamed informant is reliable"). Officer Bernritter did not place blind faith in XX because he had known the informant for at least six months and the informant had provided accurate information in the past. Aff. ¶ 8.

Furthermore, the affidavit reveals that law enforcement officers did conduct an investigation corroborating much of the information XX provided. Bernritter's corroboration did not include surveillance of suspected drug trafficking at 2501 Clement Street, but included facts that supported the affidavit, such as that Defendant's sister paid taxes on the residence at 2501 Clement Street, the home's garage had a blue tarp over its door, and that the Defendant had a criminal record. Aff. ¶ 12. For 1866 Springfield Street, the corroboration did not clearly establish that Defendant lived at the residence, but the ATF agent observed a black Intrepid registered to Defendant's sister at the residence and the owner of the residence was Defendant's suspected girlfriend. See Williams, 544 F.3d at 685 (stating that police surveillance placed the suspect at an apartment building suspected to be the defendant's residence). The corroboration by the law enforcement officers revealed facts which by themselves may not have provided probable cause, but these facts did support XX's reliability. With the affiant's substantiation of

the informant's reliability and the corroborating investigation, the issuing judge did not need other "indicia of reliability" to evaluate the affidavit.

Additionally, the affidavit was not "bare bones" because it contained particularized facts demonstrating a fair probability that evidence of a crime would be located on the premises of the proposed search. XX told Bernritter that he had been inside 2501 Clement Street within 48 hours of the warrant's issuance and had seen Defendant handling drugs and a firearm. Aff. ¶¶ 8-9. As for 1866 Springfield Street, the affidavit included information that XX advised that Defendant lived at the residence. Aff. ¶ 9. Although the affidavit does not reveal that XX had been inside 1866 Springfield Street, XX stated that Defendant kept "the proceeds from his sales and at least one other gun" there. Aff. ¶ 10.

These facts support the affidavit and make it more than "bare bones." Williams, 224 F.530, 533 (6th Cir. 2000) (defining bare bones affidavit as "one which states 'only the affiant's belief that probable cause existed'") (quoting United States v. Finch, 998 F.2d 349, 353 (6th Cir. 1993)). The facts contained in the affidavit provided the issuing judge a substantial basis for finding probable cause for the search of both residences. For 2501 Clement Street, the affidavit sufficiently indicated that contraband – powder cocaine and a firearm – would be found there because there were recitations in the affidavit regarding XX's personal observations of drugs and weapons at that address.

Regarding 1866 Springfield, the Genesee County magistrate could infer that Defendant kept the alleged gun and drug sale proceeds at his residence. Williams, 544 F.3d at 687. In Williams, the Sixth Circuit noted that "it is reasonable to suppose that some criminals store evidence of their crimes in their homes, even though no criminal activity or contraband is observed there." Id. The court reviewed other cases holding "that an issuing judge may infer

that drug traffickers use their homes to store drugs and otherwise further their drug trafficking," and announced that it would "join other circuits which have held, in cases involving a variety of suspected crimes, that an issuing judge may infer that a criminal suspect keeps the 'instrumentalities and fruits' of his crime in his residence." Id. at 687-688.

In this case, the affidavit set forth sufficient facts to permit the issuing judge to infer a link between the evidence sought and Defendant's residence, much like the affidavit in Williams. The affidavit in Williams was submitted for a search warrant for firearms and included facts elicited from two informants reflecting (i) where the defendant lived, (ii) the defendant's possession of two firearms of specific caliber, (iii) one alleged robbery, and (iv) a previous arrest. Id. at 684-685. The police corroborated some of this information by observing the kind of car the defendant reportedly drove outside an apartment, a man who matched the description given by the informants and police records, and a record of a previous arrest. Id. at 685. Bernritter's affidavit differed because he used a confidential informant, but one that was credible and reliable. The facts included (i) witnessing Defendant handling powder cocaine and a gun at 2501 Clement Street and that (ii) Defendant sold drugs from that home. XX also advised that (iii) Defendant drove a black Intrepid, (iv) had a sister named Kassandra Wall, (v) lived with Killotta Tart, his girlfriend, at 1866 Springfield, and (vi) had a felony conviction. The police corroborated some of this information – namely, that Defendant had a felony record and that a black Intrepid, registered to Kassandra Wall, was parked outside 1866 Springfield Street – a home apparently owned by Killotta Tart. As Defendant was engaged in drug trafficking, the magistrate could have reasonably inferred that Defendant kept a firearm, drugs, or proceeds from drug trafficking at his residence.

Defendant relies upon United States v. McPhearson, 469 F.3d 518 (6th Cir. 2006) and United States v. Bethal, 245 F. App'x 460 (6th Cir. 2007), analogizing the present case to those cases. Def.'s Br. at 2 (Dkt. 21). In McPhearson, the police arrested the defendant on his doorstep pursuant to an arrest warrant. 469 F.3d at 520. A search incident to the arrest revealed drugs on the defendant. Id. The police then used this discovery to support an affidavit for a search warrant of the defendant's home. Id. at 521. The district court granted the defendant's motion to suppress and the Sixth Circuit affirmed, stating that the "absence of any facts connecting McPhearson to drug trafficking" could not "support the inference that evidence of wrongdoing would be found in McPhearson's home because drugs were found on his person." Id. at 525.

In Bethal, the Sixth Circuit affirmed the suppression of evidence by the district court and took issue with the affidavit used by the police to execute a search warrant at the residence of a gang member. In particular, the Sixth Circuit noted that the affidavit only contained information connecting the defendant to two shootings, but did not connect "him to drugs or to weapons at his home other than his alleged status as a gang member and known acquaintance of [other gang members] who reportedly kept drugs and guns in their residence." 245 F. App'x at 468 (emphasis in original).

In contrast to McPhearson and Bethal, the police had a statement from a credible and reliable informant who (i) saw Defendant in possession of powder cocaine and a firearm at 2501 Clement Street, (ii) reported that Defendant was selling it from that house, and (iii) kept the proceeds of the sales and a firearm at 1866 Springfield Street. The facts explicitly connected Defendant to drug trafficking. Thus, probable cause existed for the search of 2501 Clement Street and Defendant's residence – 1866 Springfield Street.

B. Good Faith Exception

Even if a warrant lacks probable cause, good-faith reliance on the warrant by law enforcement officers will bar the exclusionary rule from suppressing the illegally obtained evidence. Leon, 468 U.S. at 922. To avoid suppression under the good-faith rule, the Government must show that the officers executing the search acted in good faith. Id. There are four instances where good faith cannot be shown: (1) when the supporting affidavit contained information the affiant knew or should have known was false; (2) when the issuing magistrate lacked neutrality and was, in effect, a "rubber stamp"; (3) when the affidavit was devoid of information that would support probable cause, making any belief that probable cause existed completely unreasonable; or (4) when the warrant itself was facially deficient. Id. at 923.

The Sixth Circuit has refined the Leon good-faith exception, stating that the "good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." Higgins, 557 F.3d at 391. Concluding whether a law enforcement officers' reliance on the warrant was objectively reasonable requires "a less demanding showing than the substantial basis threshold required to prove the existence of probable cause." United States v. Carpenter, 360 F.3d 591, 595 (6th Cir. 2004) (internal quotations omitted). Furthermore, a nexus between the place searched and the suspected criminal activity may be established on a minimal showing where the place to be searched is a suspected drug trafficker's residence. See United States v. Newton, 389 F.3d 631, 635-636 (6th Cir. 2004), vacated in part on other grounds, 546 U.S. 803 (2005) ("the lack of a direct known link between the criminal activity and residence, becomes minimal").

Defendant argues that the affidavit is "so lacking in probable cause that a belief in its

existence is objectively unreasonable (a "bare bones" affidavit), and a warrant which is so facially deficient that it cannot reasonable [sic] be presumed to be valid." Def.'s Br. at 3-4 (Dkt. 18). However, the warrant was not facially deficient because it described the items to be seized. Aff. ¶ 4. See United States v. Richards, 659 F.3d 527, 542 (6th Cir. 2011) (holding that the Leon good-faith exception applied, in part, because the warrant described the items to be seized). The affidavit did not lack probable cause to such a degree that law enforcement officers could not rely on it to search the homes at 2501 Clement Street and 1866 Springfield Street. The affidavit establishes that XX observed narcotics and firearms at 2501 Clement Street and that 1866 Springfield Street was Defendant's suspected residence. Therefore, it sufficiently linked Defendant's alleged home and observed drug activity, so that a reasonably well-trained officer would not have known that the search was illegal.

## IV. CONCLUSION

Under the totality of the circumstances, the affidavit provided probable cause to search 2501 Clement Street. The confidential informant stated that he had observed Defendant there handling cocaine and a firearm and the affiant officer attested that the confidential informant was credible and reliable. The affidavit also provided probable cause to search the home at 1866 Springfield Street, as the magistrate could infer that Defendant kept the fruits and instrumentalities at his residence. Moreover, even if probable cause did not exist for the search the residences, the police relied upon the warrant in good faith. Therefore, the Court denies Defendant's motion to suppress (Dkt. 15).

SO ORDERED.

Dated: November 21, 2012
Flint, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 21, 2012.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager